**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**   2013 OCT -9  AM 11: 31

JESSICA HARRIS,
an individual,

        Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,
a foreign limited liability company,

        Defendant.

_____/

Case No.:

8:13 cv 2610 17 EAJ

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, JESSICA HARRIS (hereinafter, "Plaintiff"), by and

through the undersigned counsel, and sues Defendant, NATIONSTAR MORTGAGE,

LLC (hereinafter, "Defendant"), and alleges:

## PRELIMINARY STATEMENT

This is an action for: actual, statutory, and punitive damages for violations of the

Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter,

the "FCCPA"); statutory damages for violations of the Telephone Consumer Protection

Act, 47 U.S.C. Section 227 *et seq.* (hereinafter, the "TCPA"); statutory and actual

damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section

1692a, *et seq.* (hereinafter, the "FDCPA"); and for declaratory judgment and injunctive

relief in equity.

## JURISDICTION, VENUE & PARTIES

1.     Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d), 28

U.S.C. Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant

to 28 U.S.C. Section 1367. Declaratory and Injunctive relief is available pursuant to 28 U.S.C. Sections 2201 and 2202.

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

3. Plaintiff is JESSICA HARRIS, an individual residing in Pinellas County, Florida.

4. Defendant is NATIONSTAR MORTGAGE, LLC, a foreign limited liability company, existing under the laws of the State of Texas that, itself and through its subsidiaries, regularly services home mortgage loans for consumers in Pinellas County, Florida.

5. At all times herein, Defendant engaged in its usual and customary businesses within Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all times herein, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6), and the FCCPA, Florida Statutes, Section 559.55(6). Specifically, Defendant attempted to collect monies owed on a defaulted consumer mortgage debt, originally owned and/or serviced by Ocwen Loan Servicing, LLC, and referenced by Nationstar account number ending in -6526 – originally referenced by OLS account number -7282 (hereinafter, "the Debt").

7. Defendant regularly uses interstate mail and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts allegedly due another.

8. At all times herein, the Debt was a consumer debt, incurred primarily for

personal, household or family use.

9.      At all times herein, Defendant was a "person" pursuant to Florida Statutes, Section 559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10.     At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C. Section 1692a(2).

11.     At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

12.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

13.     At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

14.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 727.637.6766 (hereinafter "cellular phone") using an automatic telephone dialing system or an artificial or pre-recorded voice and were made in willful and knowing violation of the TCPA.

15.     Plaintiff is the owner, regular user, and possessor of a cellular telephone, with the assigned number 727.637.6766.

16.     Plaintiff retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") on or about July 9, 2012 with regard to a lawsuit on the Debt

and an attempt to foreclose her homestead, Circuit Court, Sixth Judicial Circuit, Case No.: 12-07673CI-08 (hereinafter, "Mortgage Foreclosure").

17.    All conditions precedent to the filing of this action occurred or have been waived by Defendant.

18.    On or about July 27, 2012, Undersigned Counsel provided Ocwen Loan Servicing, LLC's (hereinafter, "OLS") counsel with notice of representation via a *Designation of Electronic Mail Addresses and Request for Designation of Electronic Mail Addresses* (hereinafter, "Notice of Appearance").   Said Notice of Appearance contained Undersigned Counsel's contact information and advised OLS of Undersigned Counsel's representation of Plaintiff with regard to the Debt.  Please see attached a true and correct copy of said Notice of Appearance labeled as Exhibit "A1-A2."

19.    On or about May 1, 2013, OLS sent Plaintiff a letter notifying Plaintiff that OLS had assigned, sold, or transferred the servicing of Plaintiff's mortgage to Defendant.  Please see attached a true and correct copy of said letter labeled as Exhibit "B1-B2."

20.    OLS provided Defendant with notice of the Mortgage Foreclosure, notice of Undersigned Counsel's representation of Plaintiff, and notice of Undersigned Counsel's contact information upon transferring the Debt.

21.    Further, Defendant, via its counsel, is actively litigating the Mortgage Foreclosure case and has knowledge that Undersigned Counsel is representing Plaintiff in that case.

22.    Plaintiff has retained Leavengood, Nash, Dauval & Boyle, P.A. for the purpose of pursuing this matter against Defendant and is obligated to pay her attorneys a

reasonable fee for their services.

23.     At all times herein, Defendant did not have Plaintiff's prior express consent to use an automatic telephone dialing system or artificial or pre-recorded voice when calling Plaintiff's cellular phone.

24.     Defendant's telephone calls made to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice were not made for emergency purposes.

### ALL COMMUNICATIONS REGARDING THE DEBT

25.     On or about May 31, 2013, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a letter (hereinafter, "First Letter") notifying Plaintiff of the re-assignment of the Debt. Please see attached a true and correct copy of First Letter labeled as Exhibit "C1-C3."

26.     On or about May 31, 2013, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a collection letter (hereinafter, "Second Letter") providing information regarding "various workout options" in an attempt to collect the Debt. The Second Letter contained the following language: "This is an attempt to collect a debt and any information will be used for that purpose." Please see attached a true and correct copy the Second Letter labeled as Exhibit "D."

27.     On or about May 31, 2013, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the

Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a collection letter (hereinafter, "Third Letter) in an attempt to collect the Debt. The Third Letter again notified Plaintiff of the re-assignment of the Debt and provided information regarding various payment options. The Third Letter contained to following language: "Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." Please see attached a true and correct copy of the Third Letter labeled as Exhibit "E1-E3."

28.     On or about June 5, 2013, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a mortgage loan statement in an attempt to collect the Debt. Said mortgage loan statement contained the following language: "This is an attempt to collect a debt and any information obtained will be used for that purpose." Please see attached a true and correct copy of said account summary labeled as Exhibit "F1-F2."

29.     On or about June 10, 2013, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a collection letter (hereinafter, "Fourth Letter") in an attempt to collect the Debt. The Fourth Letter provided information regarding payment of the Debt and contained the following language: "This is an attempt to collect a debt and any information will be used for that purpose." Please see attached a true and correct copy the Fourth Letter labeled as Exhibit "G1-G4."

30.     On or about July 18, 2013, despite having actual knowledge of Plaintiff's

Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a mortgage loan statement in an attempt to collect the Debt. Said mortgage loan statement contained the following language: "This is an attempt to collect a debt and any information obtained will be used for that purpose." Please see attached a true and correct copy of said account summary labeled as Exhibit "H1-H2."

31.     On or about July 31, 2013, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "I."

32.     On or about August 20, 2013, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff a mortgage loan statement in an attempt to collect the Debt. Please see attached a true and correct copy of said mortgage loan statement labeled as Exhibit "J1-J3."

## THE COLLECTION CALLS

33.     Commencing approximately in the month of June 2013 and continuing through the date of this Complaint, despite having actual knowledge of Plaintiff's Mortgage Foreclosure and Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant continually and repeatedly called Plaintiff's cellular phone using an automatic telephone dialing system (herein collectively, "the Collection Calls") in an attempt to collect the Debt.

34.     Defendant placed the Collection Calls to Plaintiff's cellular telephone using phone numbers 866.316.2432 and 888.850.9398.

35.     Defendant placed the Collection Calls despite Defendant never possessing Plaintiff's prior express consent to call Plaintiff's cellular telephone using an automatic telephone dialing system.

36.     Any such prior express consent- if it ever existed- was revoked when OLS provided Defendant with notice of Plaintiff's Mortgage Foreclosure, notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt, and Undersigned Counsel's contact information.  It was further revoked when Defendant took over the Mortgage Foreclosure case, hiring its own counsel, and litigating the case against Plaintiff and Undersigned Counsel.

37.     As a direct result of Defendant's actions, as described herein, Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, confusion and loss of sleep, believing that the hiring of counsel regarding the Debt was altogether ineffective, and that the repeated, continual automatically-dialed Debt collection calls to Plaintiff's cellular telephone would simply have to be endured.

38.     All of the below Collection Calls were made despite having actual knowledge of Plaintiff's Mortgage Foreclosure case and Undersigned Counsel's representation of Plaintiff with regard to the Debt.

39.     On or about June 1, 2013, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

40.     The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

41.     Defendant left the following automatic and pre-recorded voicemail message during the immediately aforementioned call: "This is an important message from Nationstar. Please call us at your earliest convenience. Our toll free number is 1.866.316.2432. Our agents are available Monday thru Thursday 8:00 a.m. thru 6:00 p.m. and Friday from 8:00 a.m. thru 5:00 p.m. CST."

42.     On or about June 4, 2013, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

43.     The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

44.     Defendant left the following automatic and pre-recorded voicemail message during the immediately aforementioned call: "This is an important message from Nationstar. Please call us at your earliest convenience. Our toll free number is 1.866.316.2432. Our agents are available Monday thru Thursday 8:00 a.m. thru 6:00 p.m. and Friday from 8:00 a.m. thru 5:00 p.m. CST."

45.     On or about June 9, 2013, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

46.     The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

47.     Defendant left the following automatic and pre-recorded voicemail message during the immediately aforementioned call: "This is an important message from Nationstar. Please call us at your earliest convenience. Our toll free number is 1.866.316.2432. Our agents are available Monday thru Thursday 8:00 a.m. thru 6:00 p.m. and Friday from 8:00 a.m. thru 5:00 p.m. CST."

48.     On or about June 10, 2013, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

49.     The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

50.     Defendant left the following automatic and pre-recorded voicemail message during the immediately aforementioned call: "This is an important message from Nationstar.  Please call us at your earliest convenience.  Our toll free number is 1.866.316.2432.  Our agents are available Monday thru Thursday 8:00 a.m. thru 6:00 p.m. and Friday from 8:00 a.m. thru 5:00 p.m. CST."

51.     On or about June 15, 2013, at approximately 11:00 a.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

52.     The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

53.     Defendant left the following automatic and pre-recorded voicemail message during the immediately aforementioned call: "This is an important message from Nationstar.  Please call us at your earliest convenience.  Our toll free number is 1.866.316.2432.  Our agents are available Monday thru Thursday 8:00 a.m. thru 6:00 p.m. and Friday from 8:00 a.m. thru 5:00 p.m. CST."

54.     On or about June 16, 2013, at approximately 4:31 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

55.     The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

56.     On or about June 17, 2013, Defendant called Plaintiff's cellular telephone

several times using an automatic telephone dialing system.

57.     The immediately aforementioned June 17, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

       a.     3:32 p.m. ET

       b.     3:44 p.m. ET

       c.     3:45 p.m. ET

       d.     3:59 p.m. ET

       e.     8:37 p.m. ET

58.     Defendant left the following automatic and pre-recorded voicemail message during one of the immediately aforementioned calls: "This is an important message from Nationstar.  Please call us at your earliest convenience.  Our toll free number is 1.866.316.2432.  Our agents are available Monday thru Thursday 8:00 a.m. thru 6:00 p.m. and Friday from 8:00 a.m. thru 5:00 p.m. CST."

59.     On or about June 18, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

60.     The immediately aforementioned calls June 18, 2013 were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

       a.     1:27 p.m. ET

       b.     1:56 p.m. ET

       c.     1:58 p.m. ET

       d.     2:22 p.m. ET

61. On or about June 19, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

62. The immediately aforementioned June 19, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.    1:25 p.m. ET

    b.    2:19 p.m. ET

63. On or about June 20, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

64. The immediately aforementioned June 20, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.    11:29 a.m. ET

    b.    11:40 a.m. ET

    c.    11:41 a.m. ET

    d.    11:56 a.m. ET

    e.    5:38 p.m. ET

    f.    5:50 p.m. ET

    g.    5:51 p.m. ET

    h.    6:24 p.m. ET

65. On or about June 21, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

66. The immediately aforementioned June 21, 2013 calls were placed from

telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.    10:59 a.m. ET

      b.    11:13 a.m. ET

      c.    11:29 a.m. ET

67.    On or about June 24, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

68.    The immediately aforementioned June 24, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.    3:16 p.m. ET

      b.    3:27 p.m. ET

      c.    3:28 p.m. ET

      d.    3:45 p.m. ET

      e.    4:00 p.m. ET

69.    On or about June 25, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

70.    The immediately aforementioned June 25, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.    2:42 p.m. ET

      b.    2:59 p.m. ET

      c.    2:59 p.m. ET

      d.     3:24 p.m. ET

71.    On or about June 26, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

72.    The immediately aforementioned June 26, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.     1:52 p.m. ET

      b.     2:05 p.m. ET

      c.     2:06 p.m. ET

      d.     2:27 p.m. ET

73.    On or about June 27, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

74.    The immediately aforementioned June 27, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.     11:18 a.m. ET

      b.     11:33 a.m. ET

      c.     11:34 a.m. ET

      d.     11:50 a.m. ET

      e.     8:18 p.m. ET

75.    On or about June 28, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

76.    The immediately aforementioned June 28, 2013 calls were placed from

telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

   a.   9:26 a.m. ET

   b.   9:36 a.m. ET

   c.   9:37 a.m. ET

   d.   9:49 a.m. ET

   e.   7:15 p.m. ET

77.   On or about June 29, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

78.   The immediately aforementioned June 29, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

   a.   11:37 a.m. ET

   b.   11:49 a.m. ET

79.   On or about June 29, 2013, at approximately 11:50 a.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

80.   The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

81.   During the immediately aforementioned call, Plaintiff spoke with Defendant's representative or agent.  Plaintiff notified Defendant's representative of the Mortgage Foreclosure and of Undersigned Counsel's representation regarding the Debt.

82.   Defendant's representative stated that there was nothing on record of

Undersigned Counsel's representation of Plaintiff regarding the Debt. Plaintiff requested that Defendant stop calling her cellular telephone.

83. On or about July 3, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

84. The immediately aforementioned July 3, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.    10:20 a.m. ET

    b.    10:33 a.m. ET

    c.    10:39 a.m. ET

    d.    10:58 a.m. ET

85. On or about July 5, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

86. The immediately aforementioned July 5, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.    11:28 a.m. ET

    b.    12:02 p.m. ET

    c.    12:50 p.m. ET

    d.    3:38 p.m. ET

87. On or about July 12, 2013, at approximately 11:18 a.m. ET, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

88.     The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

89.     On or about July 15, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

90.     The immediately aforementioned July 15, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

        a.    1:21 p.m. ET

        b.    1:33 p.m. ET

        c.    1:34 p.m. ET

        d.    1:46 p.m. ET

91.     On or about July 16, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

92.     The immediately aforementioned July 16, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

        a.    12:33 p.m. ET

        b.    7:30 p.m. ET

93.     On or about July 17, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

94.     The immediately aforementioned July 17, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.     1:09 p.m. ET

    b.     1:28 p.m. ET

    c.     1:29 p.m. ET

    d.     1:54 p.m. ET

    e.     7:38 p.m. ET

95.    On or about July 18, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

96.    The immediately aforementioned July 18, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.     12:44 p.m. ET

    b.     1:10 p.m. ET

    c.     1:11 p.m. ET

    d.     1:49 p.m. ET

97.    On or about July 19, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

98.    The immediately aforementioned July 19, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.     11:22 a.m. ET

    b.     11:35 a.m. ET

    c.     11:35 a.m. ET

    d.     12:18 p.m. ET

99.     On or about July 22, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

100.    The immediately aforementioned July 22, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.     12:23 p.m. ET

      b.     12:34 p.m. ET

      c.     12:35 p.m. ET

      d.     12:50 p.m. ET

      e.     4:28 p.m. ET

      f.     4:39 p.m. ET

      g.     4:40 p.m. ET

      h.     5:06 p.m. ET

101.    On or about July 23, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

102.    The immediately aforementioned July 23, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at the following times:

      a.     12:30 p.m. ET

      b.     12:53 p.m. ET

      c.     4:05 p.m. ET

      d.     4:18 p.m. ET

      e.     4:18 p.m. ET

       f.      4:34 p.m. ET

103.    On or about July 24, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

104.    The immediately aforementioned July 24, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

       a.      10:47 a.m. ET

       b.      10:58 a.m. ET

       c.      10:59 a.m. ET

       d.      11:24 a.m. ET

       e.      6:49 p.m. ET

       f.      7:01 p.m. ET

       g.      7:01 p.m. ET

       h.      7:12 p.m. ET

105.    On or about July 25, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

106.    The immediately aforementioned July 25, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

       a.      5:38 p.m. ET

       b.      5:49 p.m. ET

       c.      5:50 p.m. ET

       d.      6:14 p.m. ET

107.    Plaintiff answered one of the immediately aforementioned July 25, 2013 calls. When Plaintiff answered, an automatic system thanked her for holding and kept Plaintiff on hold for over 45 seconds before Defendant's representative or agent answered the line.

108.    Plaintiff spoke with Defendant's representative who asked her to verify her address and social security number. Plaintiff did not want to provide her social security number and Defendant's representative became argumentative.

109.    Defendant's representative told Plaintiff that she was required to provide her social security number. Plaintiff felt forced into providing the information due to the representative's argumentative tone.

110.    Furthermore, during said July 25, 2013 conversation, Plaintiff again advised Defendant's representative of Undersigned Counsel's representation regarding the Debt. The representative stated there was no record of the notice and requested Undersigned Counsel's contact information.

111.    Plaintiff advised the representative that she was driving and unable to provide that information at that time. Defendant's representative demanded that Plaintiff immediately pull over and give him Undersigned Counsel's contact information.

112.    Plaintiff advised the representative that Defendant already possessed Undersigned Counsel's contact information.

113.    Defendant's representative continued demanding that Plaintiff pull over and provide the contact information immediately and further advised Plaintiff that she would remain in the call system until she did so. Defendant's representative proceeded

to ask why Plaintiff was behind on her payments and asked what her intentions with the house were. Plaintiff reiterated that Undersigned Counsel would contact Defendant.

114. On or about July 30, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

115. The immediately aforementioned July 30, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.    3:40 p.m. ET

      b.    4:12 p.m. ET

116. On or about August 1, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

117. The immediately aforementioned August 1, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.    4:32 p.m. ET

      b.    4:33 p.m. ET

118. On or about August 2, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

119. The immediately aforementioned August 2, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

      a.    11:32 a.m. ET

      b.    11:43 a.m. ET

    c.     4:37 p.m. ET

    d.     4:49 p.m. ET

    e.     4:49 p.m. ET

    f.     5:14 p.m. ET

120.    On or about August 5, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

121.    The immediately aforementioned August 5, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.     1:16 p.m. ET

    b.     1:28 p.m. ET

    c.     5:44 p.m. ET

122.    On or about August 13, 2013, at approximately 3:59 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

123.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

124.    On or about August 14, 2013, at approximately 6:39 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

125.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

126.    On or about August 15, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

127.    The immediately aforementioned August 15, 2013 calls were placed from

telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

a.     2:55 p.m. ET

b.     4:31 p.m. ET

128.   On or about August 16, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

129.   The immediately aforementioned August 16, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

a.     10:02 a.m. ET

b.     5:41 p.m. ET

130.   On or about August 19, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

131.   The immediately aforementioned August 19, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

a.     10:57 a.m. ET

b.     6:22 p.m. ET

132.   On or about August 20, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

133.   The immediately aforementioned August 20, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

a.    11:52 a.m. ET

b.    3:11 p.m. ET

c.    7:04 p.m. ET

134.    On or about August 21, 2013, at approximately 6:12 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

135.    The immediately aforementioned August 21, 2013 call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

136.    On or about August 22, 2013, at approximately 8:19 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

137.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

138.    On or about August 23, 2013, at approximately 5:19 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

139.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

140.    On or about August 25, 2013, at approximately 2:36 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

141.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

142.    On or about August 26, 2013, at approximately 6:24 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

143.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

144.    On or about August 27, 2013, at approximately 6:52 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

145.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

146.    On or about August 28, 2013, at approximately 6:31 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

147.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

148.    On or about August 29, 2013, at approximately 6:23 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

149.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

150.    On or about September 1, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

151.    The immediately aforementioned September 1, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

            a.      4: 37 p.m. ET

            b.      5: 14 p.m. ET

152.    On or about September 3, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

153.    The immediately aforementioned September 3, 2013 calls were placed from telephone number 1.866.316.2432 and were made in an attempt to collect the

Debt. Defendant called at approximately the following times:

        a.     7: 02 p.m. ET

        b.     8: 19 p.m. ET

154.    On or about September 4, 2013, at approximately 6:53 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

155.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 in an attempt to collect the Debt.

156.    On or about September 5, 2013, at approximately 6:47 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

157.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

158.    On or about September 6, 2013, at approximately 6:58 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

159.    The immediately aforementioned call was placed from telephone number 1.866.316.2432 and was made in an attempt to collect the Debt.

160.    On or about September 17, 2013, at approximately 7:07 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic dialing system.

161.    The immediately aforementioned call was placed from either 1.866.316.2432 or 1.888.850.9398 and was made in an attempt to collect the Debt.

162.    On or about September 18, 2013, at approximately 7:11 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

163.    The immediately aforementioned call was placed from either

1.866.316.2432 or 1.888.850.9398 and was made in an attempt to collect the Debt.

164.     On or about September 20, 2013, at approximately 7:11 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

165.     The immediately aforementioned call was placed from either 1.866.316.2432 or 1.888.850.9398 and was made in an attempt to collect the Debt.

166.     On or about September 21, 2013, at approximately 4:41 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

167.     The immediately aforementioned call was placed from either 1.866.316.2432 or 1.888.850.9398 and was made in an attempt to collect the Debt.

168.     On or about September 22, 2013, at approximately 3:03 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

169.     The immediately aforementioned call was placed from either 1.866.316.2432 or 1.888.850.9398 and was made in an attempt to collect the Debt.

170.     On or about September 23, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

171.     The immediately aforementioned September 23, 2013 calls were placed from either 1.866.316.2432 or 1.888.850.9398 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.     2: 33 p.m. ET

    b.     6: 54 p.m. ET

172.    On or about September 24, 2013, at approximately 7:07 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system.

173.    The immediately aforementioned call was placed from either 1.866.316.2432 or 1.888.850.9398 and was made in an attempt to collect the Debt.

174.    On or about September 25, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

175.    The immediately aforementioned September 25, 2013 calls were placed from either 1.866.316.2432 or 1.888.850.9398 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

       a.     9: 55 a.m. ET

       b.     5: 51 p.m. ET

       c.     6: 39 p.m. ET

       d.     6: 44 p.m. ET

176.    On or about September 26, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

177.    The immediately aforementioned September 26, 2013 calls were placed from either 1.866.316.2432 or 1.888.850.9398 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

       a.     2: 07 p.m. ET

       b.     5: 32 p.m. ET

178.    On or about September 27, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

179.    The immediately aforementioned September 27, 2013 calls were placed from either 1.866.316.2432 or 1.888.850.9398 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.    10: 35 a.m. ET

    b.    12: 29 p.m. ET

180.    On or about September 28, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

181.    The immediately aforementioned September 28, 2013 calls were placed from either 1.866.316.2432 or 1.888.850.9398 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.    1: 54 p.m. ET

    b.    2: 19 p.m. ET

182.    On or about September 30, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

183.    The immediately aforementioned September 30, 2013 calls were placed from either 1.866.316.2432 or 1.888.850.9398 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.    11: 16 a.m. ET

    b.    6: 39 p.m. ET

184.    On or about October 1, 2013, at approximately 6:36 p.m. ET, Defendant called Plaintiff's cellular telephone using an automatic dialing system.

185.    The immediately aforementioned call was placed from either 1.866.316.2432 or 1.888.850.9398 and was made in an attempt to collect the Debt.

186.   On or about October 2, 2013, Defendant called Plaintiff's cellular telephone several times using an automatic telephone dialing system.

187.   The immediately aforementioned October 2, 2013 calls were placed from either 1.866.316.2432 or 1.888.850.9398 and were made in an attempt to collect the Debt. Defendant called at approximately the following times:

    a.   1: 34 p.m. ET

    b.   7: 41 p.m. ET

    c.   6: 57 p.m. ET

188.   Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, FDCPA, and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

189.   As of the date of this Complaint, Plaintiff continues to receive automatically-dialed telephone calls from Defendant in its attempts to collect the Debt. Every such call is an additional violation of Plaintiff's rights under the FCCPA, FDCPA, and TCPA.

190.   Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation, plus actual damages, punitive damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter.

191.   United States Code, Title 15, Section 1692k(a)(2)(A) provides for the

award of $1,000.00 statutory damages, actual damages, and attorneys' fees to Plaintiff should Plaintiff prevail in this matter.

192.   United States Code, Title 47, Section 227(b)(3) provides for an award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff's cellular telephone in violation of the TCPA or regulations proscribed under the TCPA.

193.   Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the statutory award up to three times (3x) for each telephone call made by an automatic telephone dialing system to Plaintiff's cellular telephone, knowingly and willfully made in violation of the TCPA or the regulations proscribed under the TCPA.

**COUNT ONE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through one hundred ninety-three (193) as if fully restated herein and further state as follows:

194.   Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

195.   Specifically, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant repeatedly and continuously placed at least one hundred and forty-seven (147) telephone calls to Plaintiff and sent at least eight (8) individual letters in an attempt to abuse and harass Plaintiff into paying the

Debt.

196.   Defendant's conduct caused Plaintiff to suffer severe stress, anxiety, inconvenience, frustration, confusion and loss of sleep, believing that the hiring of counsel regarding the Debt was altogether ineffective, and that the repeated, continual automatically-dialed Debt collection calls to Plaintiff's cellular phone would simply have to be endured.

197.   Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

198.   As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77 on the following dates and times:

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, punitive damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNTS TWO THROUGH ONE HUNDRED FIFTY-SIX:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**<u>VIOLATIONS OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through one hundred ninety-three (193) as if fully restated herein and further states as follows:

199.   Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after having actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

200. Specifically, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant called Plaintiff's cellular telephone *at least* one hundred and forty-seven (147) times in its attempts to collect the Debt.

201. Furthermore, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff at least eight (8) letters and account summaries in its attempts to collect the Debt. *See* Exhibits "C1-C3," "D," "E1-E3," "F1-F2," "G1-G4," "H1-H2," "I," and "J1-J3."

202. Each individual communication with Plaintiff, despite knowledge of Undersigned Counsel's representation of Plaintiff regarding the Debt and Undersigned Counsel's contact information, is a separate and independent violation of Florida Statutes, Section 559.72(18).

203. Defendant's conduct caused Plaintiff to suffer severe stress, anxiety, inconvenience, frustration, confusion and loss of sleep, believing that the hiring of counsel regarding the Debt was altogether ineffective, and that the repeated, continual automatically-dialed Debt collection calls to Plaintiff's cellular phone would simply have to be endured.

204. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages for each independent, temporally separated violation,

actual damages, punitive damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT ONE HUNDRED FIFTY-SEVEN:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. SECTION 1692c(a)(2)

Plaintiff re-alleges paragraphs one (1) through one hundred ninety-three (193) as if fully restated herein and further states as follows:

205.    Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692c(a)(2) by communicating with Plaintiff despite Defendant having actual knowledge that Plaintiff was represented by Undersigned Counsel and having knowledge of Undersigned Counsel's contact information.

206.    Specifically, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant called Plaintiff's cellular telephone at least one hundred and forty-seven (147) times in its attempts to collect the Debt.

207.    Furthermore, despite having actual knowledge of Plaintiff's Mortgage Foreclosure, Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information, Defendant sent Plaintiff at least eight (8) letters and account summaries, in its attempts to collect the Debt. *See* Exhibits "C1-C3," "D," "E1-E3," "F1-F2," "G1-G4," "H1-H2," "I," and "J1-J3."

208.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT ONE HUNDRED FIFTY-EIGHT:
### FAIR DEBT COLLECTION PRACTICES ACT –
### <u>VIOLATION OF 15 U.S.C. SECTION 1692d(5)</u>

Plaintiff re-alleges paragraphs one (1) through one hundred ninety-three (193) as if fully restated herein and further states as follows:

209.    Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692d(5) by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly with the intent to annoy, harass or abuse Plaintiff into paying the Debt.

210.    Specifically, Defendant repeatedly and continuously attempted to collect the Debt from Plaintiff via frequent and continuous automatically-dialed telephone calls to Plaintiff's cellular phone multiple times a day, several times a week, despite receiving actual notice of Plaintiff's Mortgage Foreclosure and despite having actual notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt. Defendant intentionally placed *at least* one hundred forty-seven calls to Plaintiff's cellular telephone, and such conduct can reasonably be expected to abuse or harass Plaintiff.

211.    Defendant's conduct caused Plaintiff to suffer severe stress, anxiety, inconvenience, frustration, confusion and loss of sleep, believing that the hiring of counsel regarding the Debt was altogether ineffective, and that the repeated, continual automatically-dialed Debt collection calls to Plaintiff's cellular phone would simply have to be endured.

212.   As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT ONE HUNDRED FIFTY-NINE: FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. SECTION 1692g(a)(1)(2)(3)(4)(5)

Plaintiff re-alleges paragraphs one (1) through one hundred ninety-three (193) as if fully restated herein and further states as follows:

213.   Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692g(a) by failing to send a written notice to Plaintiff within five (5) days of Defendant's initial communication that contained (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

214.   On or about May 31, 2013, Defendant sent Plaintiff the first written

communication titled "Notice of Assignment, Sale, or Transfer of Servicing Rights," referenced throughout this Complaint as the First Letter. Defendant failed to send written notice to Plaintiff within five (5) days of Defendant's First Letter that contained the required information as set forth in the provisions of 15 U.S.C. Section 1692g(a).

215.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT ONE HUNDRED SIXTY:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 U.S.C. 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through one hundred ninety-three (193) as if fully restated herein and further states as follows:

216.     Defendant is subject to, and has violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to place at least one hundred forty-seven (147) calls to Plaintiff's telephone number assigned to Plaintiff's cellular telephone service without Plaintiff's prior express consent.

217.     Specifically, upon transfer of the Debt, OLS provided Defendant with notice of Plaintiff's Mortgage Foreclosure, notice of Undersigned Counsel's representation of Plaintiff regarding the Debt, and Undersigned Counsel's contact information.

218.     Further, Defendant hired its own counsel for the continued prosecution of the Mortgage Foreclosure case against Plaintiff and Undersigned Counsel.

219. Additionally, Plaintiff advised Defendant on numerous occasions of Undersigned Counsel's representation of Plaintiff with regard to the Debt, but Defendant refused to cease its Debt Collection Calls, despite the FDCPA's and FCCPA's prohibition of the same.

220. Consequently, Defendant never possessed Plaintiff's prior express consent to contact her cellular phone using an automatic dialing system.

221. Furthermore, to the extent that Defendant did ever posses Plaintiff's prior express consent, such consent was repeatedly revoked, including during the June 29, 2013 conversation, wherein Plaintiff told Defendant not to call her again and told Defendant that she was represented by Undersigned Counsel with regard to the Debt.

222. The conduct of the Defendant complained of herein is the result of a repeated willful and knowing violation of the TCPA.

223. As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered:

      a.     The periodic loss of her cellular phone service;

      b.     Lost material costs associated with the use of peak time cellular phone minutes allotted under her cellular phone service contract.

      c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

      e.     Statutory damages.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but not limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

224.     Plaintiff hereby gives notice to Defendants and demands that Defendant and its affiliates safeguard all relevant evidence—paper or electronic documents or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

225.     Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH**

▢ **Ian R. Leavengood, Esq., FBN 10167**
☒ **Aaron M. Swift, Esq., FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )

COUNTY OF Pinellas )

Plaintiff JESSICA HARRIS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

JESSICA HARRIS

Subscribed and sworn to before me
this 24 day of Oct , 2013.

Notary Public

My Commission Expires:

Proof of I.D.: D.L - 4620-437-76-745-0



ASHLEY R. PATRICK
MY COMMISSION # EE048638
EXPIRES December 13, 2014
(407) 798-0153   FloridaNotaryService.com