UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JESSICA HARRIS,**

    **Plaintiff,**

**v.**                                            Case No. 8:13-CV-2610-T-17EAJ

**NATIONSTAR MORTGAGE, LLC,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

    Before the Court are Plaintiff's **Opposed Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law**[1] (Dkt. 19) and Defendant's **Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses** (Dkt. 22). For the reasons that follow, it is recommended that Plaintiff's Opposed Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law (Dkt. 19) be denied.

**Background**

    Plaintiff Jessica Harris ("Plaintiff") filed a complaint against Nationstar Mortgage, LLC ("Defendant") on October 9, 2013, alleging 160 claims against Defendant for violations of the Florida Consumer Collection Practices Act ("FCCPA"), the Telephone Consumer Protection Act ("TCPA"), and the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. 1) Plaintiff had a mortgage that was serviced by Ocwen Loan Servicing, LLC ("OLS"). (Id. ¶ 18)  On July 9, 2012, Plaintiff retained counsel to represent her in foreclosure proceedings related to the OLS-serviced mortgage. (Id. ¶ 16)  Plaintiff's counsel notified OLS on July 27, 2012 that Plaintiff was being represented by

---

[1] The motion has been referred to the undersigned for a report and recommendation. See 28 U.S.C. § 636(b)(1).

counsel and requested copies of all correspondence. (Id. ¶ 18)  On May 1, 2013, OLS notified Plaintiff that it had assigned, sold, or transferred the servicing of the mortgage to Defendant. (Id. ¶ 19)  Defendant contacted Plaintiff by letter on May 31, 2013 (Id. ¶¶ 25-27) and began placing collection calls to Plaintiff's cellular phone number on June 1, 2013. (Id. ¶ 39)  Plaintiff received calls from Defendant regularly through October 2, 2013. (Id. ¶¶ 39-186)  Defendant was substituted for OLS in the foreclosure proceedings and is "actively litigating" the case. (Id. ¶ 21)

Defendant filed an answer to Plaintiff's complaint on December 18, 2013 and raised fifteen affirmative defenses. (Dkt. 15 at 22-25)

Plaintiff filed the motion to strike Defendant's affirmative defenses on January 9, 2014. (Dkt. 19)  In the motion, Plaintiff asserts that all fifteen of Defendant's affirmative defenses "are legally insufficient and invalid as a matter of law." (Id. at 3)  Plaintiff specifically argues that Defendant's first affirmative defense should be stricken as a matter of law and Defendant's third and fourth affirmative defenses should be stricken as legally insufficient and invalid as a matter of law. (Id. at 4-6)

## Discussion

Upon the motion of a party or on its own, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  However, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., 306 F.2d 862, 868 (5th Cir. 1962)).  "A motion to strike an affirmative defense will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Seybold v.

Clapis, 966 F. Supp. 2d 1312, 1314 (M.D. Fla. 2013) (quoting Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000)). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

Since the Supreme Court decisions of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), courts have been divided as to whether heightened pleading standards apply to affirmative defenses. See EEOC v. Joe Ryan Enters., Inc., 281 F.R.D. 660, 662 (M.D. Ala. 2012) ("The appropriate pleading standard for affirmative defenses is, at present, an unsolved mystery in the post-*Twombly/Iqbal* world."). It does not appear that the Eleventh Circuit has decided this issue. In the Middle District of Florida, there are differing opinions regarding whether the heightened standard applies. See Gonzalez v. Midland Credit Mgmt., Inc., No. 6:13-CV-1576-ORL-37TBS, 2013 WL 5970721, at *2 (M.D. Fla. Nov. 8, 2013) (collecting cases).

In determining that the heightened pleading standards do not apply to affirmative defenses, "there is a difference between Rule 8(a) of the Federal Rules of Civil Procedure, which deals with the pleading requirements for complaints, and Rules 8(b) and (c), which deal with the pleading requirements for defenses." Adams v. JP Morgan Chase Bank, N.A., No. 3:11-CV-337-J-37MCR, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011) (citing Jackson v. City of Centreville, 269 F.R.D. 661, 662 (N.D. Ala. 2010)). Rule 8(b) provides that, in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). "In responding to a pleading, a party must affirmatively state any avoidance or affirmative pleading .

. . ." Fed. R. Civ. P. 8(c). In further support of not applying a heightened pleading standard, courts have considered the unfairness to a defendant in requiring particularity. See Adams, 2011 WL 2938467, at *4 ("[R]equiring affirmative defenses to contain detailed factual allegations is unfair to defendants. Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury.").

Here, Plaintiff argues in a conclusory manner that all of Defendant's fifteen affirmative defenses are legally insufficient and invalid as a matter of law. (Dkt 19 at 3-4) In making this argument, Plaintiff asserts that Defendant has failed to comply with the pleading requirement of Rule 8(a), Fed. R. Civ. P. However, the better view is that affirmative defenses are not subject to the heightened pleading standards of Rule 8(a). Gonzalez, 2013 WL 5970721, at *3. Accordingly, Plaintiff's motion to strike all of Defendant's affirmative defenses as legally insufficient under a heightened pleading standard should be denied. In her motion, Plaintiff specifically addresses insufficiencies of Defendant's first, third, and fourth affirmative defenses, requiring further evaluation of these defenses.

**A.** First Affirmative Defense - "Bona Fide Error" Defense

Defendant's first affirmative defense asserts that "Nationstar alleges that its alleged actions are protected by the 'bona fide error' defense pursuant to the FDCPA and FCCPA, because such actions or inactions, if they occurred, were not intentional and resulted from *bona fide error* notwithstanding Nationstar's maintenance of procedures reasonably adapted to avoid such errors." (Dkt. 15 at 22) Plaintiff alleges that the defense should be stricken as a matter of law because Defendant "has wholly failed to allege any facts in support of this conclusory allegation" and

Defendant's "bare-bones conclusion simply does not provide enough factual allegations to put Plaintiff on notice of the defense." (Dkt. 19 at 4-5) (emphasis in original)

Section 1692k(c) of the FDCPA provides for the "bona fide error" defense. 15 U.S.C. § 1692k(c). "A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352-53 (11th Cir. 2009) (citing Johnson v. Riddle, 443 F.3d 723, 727-28 (10th Cir. 2006)).  Also, the FCCPA provides for the bona fide error defense. Fla. Stat. § 559.77(3) ("A person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.").

Despite Plaintiff's allegation that Defendant's affirmative defense is legally insufficient, Defendant has pleaded the three elements necessary to establish the bona fide error defense.  At this early stage of the litigation and without the benefit of discovery, it is too early to know whether Defendant can establish this defense by a preponderance of the evidence.  As Rules 8(b) and 8(c) do not require Defendant to plead detailed factual allegations, Defendant's first affirmative defense sufficiently puts Plaintiff on notice of the defense.  Accordingly, Plaintiff's motion to strike Defendant's first affirmative defense should be denied.

**B.** Third Affirmative Defense - "Good Faith" Defense

Defendant's third affirmative defense asserts that "any action taken or admitted by Nationstar (this being expressly denied in any event) was taken or omitted in good faith and in conformity with

the FDCPA, FCCPA, TCPA, any and all applicable statutory regulatory provisions and any and all applicable advisory opinions of regulatory agencies. Nationstar has not acted with negligence, malice or willful intent to injure Plaintiff." (Dkt 15 at 22-23)  Plaintiff alleges that the defense should be stricken as legally insufficient and invalid as a matter of law because Defendant "provides only a legal theory, however it provides absolutely no supporting facts or elements of the defense, and fails to indicate how the defense is connected to the case at hand." (Dkt. 19 at 5)

To the contrary, Defendant's assertions are sufficient to satisfy the pleading requirements of Rules 8(b) and 8(c), Fed. R. Civ. P. Defendant asserts in its answer that Plaintiff's phone number was the only number provided by Plaintiff in connection with the credit application and that it did make calls to Plaintiff's phone number. (Dkt. 15 ¶ 39)  Defendant's defense that it acted in good faith, in compliance with the relevant statutory provisions, and without negligence, malice or willful intent to injure Plaintiff, in addition to admitting that it contacted Plaintiff on her cellular phone, is sufficient to demonstrate that it did not willfully harass Plaintiff.  Defendant's third affirmative defense is sufficient to put Plaintiff on notice of the nature of its defense and does not prejudice Plaintiff.  Accordingly, Plaintiff's motion to strike Defendant's third affirmative defense should be denied.

**C.** Fourth Affirmative Defense - "Proximate Cause" Defense

Defendant's fourth affirmative defense asserts that "Nationstar alleges that no act or failure to act on the part of Nationstar proximately caused any actual or other damages in this case." (Dkt 15 at 23)  Plaintiff asserts that this defense "provides absolutely no facts to support Nationstar's claim that Nationstar has not caused any actual or other damages to Plaintiff." (Dkt 19 at 6)  In support of her argument, Plaintiff, citing Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc., No.

6

8:08-cv-1048-T-24EAJ, 2008 WL 3927264 (M.D. Fla. Aug. 21, 2008), states that Defendant's affirmative defense "denies Plaintiff's allegations rather than raises new facts and arguments." (Id.) Premium Leisure, LLC stands for the proposition that a defense that a plaintiff has failed to state a claim is a denial, not an affirmative defense. 2008 WL 3927264, at *3.  Here, however, Defendant is asserting, as a matter of law, that Plaintiff caused her own damages by providing her cellular phone number on her application. (Dkt 22 at 8)  Despite Plaintiff's contention that Defendant's fourth affirmative defense should be treated as a denial, Defendant has adequately put Plaintiff on notice of its defense that it did not cause Plaintiff's damages.  Accordingly, Plaintiff's motion to strike Defendant's fourth affirmative defense should be denied.

## Conclusion

Affirmative defenses are not subject to the heightened pleading requirements of Rule 8(a), Fed. R. Civ. P.  A defendant need only plead defenses that put into issue relevant and substantial legal and factual questions that provide Plaintiff fair notice of the nature of the defense.  Despite Plaintiff's contention that Defendant's affirmative defenses are legally insufficient, Defendant has pleaded sufficient affirmative defenses to put Plaintiff on notice of the nature of its defenses within the requirements of Rules 8(b) and 8(c), Fed. R. Civ. P.  Plaintiff is not prejudiced by Defendant's pleadings and the Court need not take the drastic step of striking Defendant's fifteen affirmative defenses.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Opposed Motion to Strike Defendants' Affirmative Defenses and Incorporated Memorandum of Law (Dkt. 19) be **DENIED**.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**Date:   April 23, 2014**

### NOTICE TO PARTIES

     Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge